| United States District Court | DISTRICT<br>Eastern District of Pennsylvania | | |
|---|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>SHANE GALLO | DOCKET NO. | | |
| | MAGISTRATE'S CASE NO.<br>13-48 | | |
| Complaint for violation of Title 18 U.S.C. United States Code § 875(c) | | | |
| NAME OF JUDGE OR MAGISTRATE<br>Honorable L. FELIPE RESTREPO | OFFICIAL TITLE<br>U.S. Magistrate Judge | | LOCATION<br>Philadelphia, PA |
| DATE OF OFFENSE<br>October 28, 2012 | PLACE OF OFFENSE<br>Chester, PA | ADDRESS OF ACCUSED (if known) | |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about October 28, 2012, defendant SHANE GALLO transmitted in interstate or foreign commerce a threat to injure the person of B.R., that is, threatening to kill B.R., in violation of Title 18, United States Code, Section 875(c).

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

SEE AFFIDAVIT ATTACHED HERETO.

MATERIAL WITNESSES IN RELATION AGAINST THE ACCUSED:

Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.

SIGNATURE OF COMPLAINANT (official title)
Robert C. Lockhart
OFFICIAL TITLE
Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence.

SIGNATURE OF MAGISTRATE (1)
Honorable L. FELIPE RESTREPO, United States Magistrate Judge
DATE 1/13/14

1) See Federal Rules of Criminal Procedure rules 3 and 54.

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR ARREST WARRANT AND CRIMINAL COMPLAINT

I, Robert C. Lockhart, being duly sworn, depose and state as follows:

### AFFIANT

1. I, Robert C. Lockhart, have been a Special Agent for the Federal Bureau of Investigation (FBI) since October 1996. I am currently assigned to the Philadelphia Division of the FBI, specifically the Newtown Square Resident Agency (NSRA). In my current capacity, I am assigned to investigations involving violent crime including those affecting interstate commerce, violent gangs, narcotics trafficking, and the investigation of organized criminal activities. I have received training in the investigation of illegal narcotics activities, violent crime, and criminal enterprises, beginning at the FBI Academy at Quantico, Virginia, and continuing through numerous in-service training seminars. I have also obtained significant experience in the investigation of these and a multitude of other matters during my tenure as an FBI Special Agent. I have participated in various methods of investigation, including, but not limited to, undercover operations and the use of undercover agents and cooperating witnesses, consensual monitoring, physical surveillances, interviews of victims, witnesses and defendants, the use of search warrants, the use of confidential informants, and the use of intercepted wire communications.

2. Currently your affiant, Robert C. Lockhart, is a law enforcement officer as defined in Title 18, United States Code, Section 2510(7). Your affiant is, therefore, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516.

### PURPOSE OF AFFIDAVIT

This Affidavit is in support of the following requests:

a) An arrest warrant for Shane Michael Gallo, address B Troop, 6-9 CAV, 3ABCT, 1CD, Fort Hood, Texas 76544.

### BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

Your affiant makes this Affidavit, in part, on personal knowledge derived from his participation in this investigation and, in part, upon information and belief. The sources of information and belief are:

(a) written reports about this investigation your affiant has received, directly or indirectly, from officers of the City of Chester (PA) Police Department, Widener University Department of Campus Safety, the Howard County (MD) Police Department, and officials at the U.S. Army Fort Hood, Texas;

(b) interview of victim Brianna Rainey.

## PROBABLE CAUSE

1. On 01/14/2013, FBI NSRA personnel were contacted by Widener University officials and advised that Widener University Campus Safety had been contacted by the Howard County (MD) Police Department on 01/11/2013 and were informed that a Howard County resident, Brianna Rainey, who is currently attending Widener University and lives in Chester, PA in off-campus housing, had been threatened in October via text by her ex-fiance, Shane Michael Gallo. In this text, sent October 28, 2012, Gallo threatened to kill Rainey. Gallo is a former Widener student now serving with the U.S. Army based in Fort Hood, Texas.

2. On January 14, 2013, your affiant interviewed Brianna Leigh Rainey by telephone. Rainey advised that her ex-fiance, Shane Gallo, had threatened her in a text message that he sent to her cell phone on October 28, 2012. Rainey forwarded the text message that she had saved in her phone to your affiant. The text reads as follows: "why do you care? You do know I'm going to kill you now right? I told you if you ever left me I'd kill you. I was just gna do me but now imma do you lol. Don't worry I'll let you know before I come get you." Rainey advised that this text was sent to her in Chester, PA from Gallo who was stationed with the U.S. Army in Fort Hood, Texas.

3. Rainey advised that she and Shane Gallo met at Widener University in July 2009 and began a romantic relationship in October 2009. The relationship continued after Gallo left Widener University in October 2011 to join the U.S. Army. Gallo initially went to training in Fort Benning, Georgia but eventually was transferred to his current base at Fort Hood, Texas. Rainey and Gallo got engaged on May 26, 2012 but the relationship ended towards the end of September 2012. Rainey advised that she broke off the relationship permanently during a phone call in late September 2012. Rainey stated that in mid-October, based on phone conversations and texts with Gallo, she became concerned that Gallo was going to attempt suicide so she passed along her concerns to Gallo's mother. Gallo's mother, Suzie Taylor, contacted Gallo's superiors at the U.S. Army at Fort Hood which led to Gallo being committed to a psychiatric ward for approximately one week. Shortly after Gallo was released from the psychiatric ward, on 10/28/2012, Rainey received the threatening text detailed above.

4. Rainey advised that she was contacted by Gallo's mother (Suzanne Taylor) around Thanksgiving and told that a day or two before Thanksgiving, Gallo took approximately 200 Tylenols in a suicide attempt and he was in the Intensive Care Unit (ICU) at a Texas Hospital. Rainey stated that she was told that Gallo had kidney and liver failure as a result of his suicide attempt. Rainey stated that Gallo was in the hospital for a month before being sent to a Drug and Alcohol Rehab facility near Dallas, Texas.

5. On 12/25/2012 (Christmas Day), Rainey learned from Gallo's mother (Taylor) that Gallo would be released from the Rehab center on 01/03/2013.

6. On 01/08/2013 (Tuesday), Rainey stated that she received a voicemail message on her cell phone from Gallo. Rainey did not respond to the voicemail.

7. On 01/09/2013 (Wednesday), Rainey received the following text message from Gallo on her cell phone: "Please give me closer in our past relationship. I just want to sit down and eat with you 1 last time so I can put you in my past. So I can let go. If you could that'd be great." Rainey advised she did not respond to the text.

8. Rainey advised that she received a telephone call from Gallo's mother, Suzanne Taylor on 01/10/2013 (Thursday). Taylor told Rainey that she had learned from Fort Hood officials that Gallo had gone AWOL (Absent With Out Leave). Taylor told Rainey she was concerned because she had spoken to Gallo and he told his mother that he was not taking his medications which Rainey stated consisted of anti-depressants and anti-anxiety pills. Taylor told Rainey that she was concerned he (Gallo) would try to hurt himself or Rainey. While on the phone with Taylor, Rainey accessed Gallo's Bank of America Debit card account and learned that Gallo had made a vehicle purchase at Performance Motors in Killeen, Texas which posted to his account on 01/07/2013.

9. On 01/14/2013, SA James Fitzgerald contacted Performance Motors in Killeen, Texas outside Fort Hood which advised that, on 01/03/2013, Shane Gallo purchased a 2009 Chevrolet Malibu ML-2, 4-door sedan from Performance Motors. The vehicle was assigned Texas temporary paper license tag 74J2512. Gallo paid $1000 as a deposit/down payment and signed a loan agreement to pay $355.61 monthly for a period of 66 months. The down payment was paid with Gallo's Bank of America credit card.

10. On 01/11/2013, Rainey again accessed Gallo's Bank of America account and noted two $300 cash withdrawals in Knoxville, Tennessee. Rainey then contacted the Howard County (MD) Police Department and advised them of the earlier threat she had received from him via text in October 2012 and his more recent attempts to contact her. Rainey told the police that she was concerned that Gallo was making his way to the Northeast to confront her and possibly follow through with his earlier threat. Rainey added that on 01/12/2013 she again accessed Gallo's Bank of America account and saw a $300 withdrawal and $93 purchase from a Target in Wilmington, Delaware.

11. On or about 01/13/2013, Chester Police officers spoke with Frank Kurek, DOB 01/05/1990, a former fraternity brother of Gallo's and former Widener student. Kurek confirmed that Gallo had been in the area and that he last saw Gallo at Maggie Mays Pub at approximately 2300 hours on 01/12/2013.

12. On 01/14/2013, at approximately 12:30pm, in the 1500 block of Washington Street, Chester, PA, Shane Gallo was stopped and detained by members of the FBI Delaware Valley Violent Crimes Task Force and Chester Police. Gallo was found to be in possession of a switchblade knife. In his vehicle, law enforcement officers found a piece of cardboard with Rainey's address written on it.

13. On 1/14/2013, around 2:45 p.m., FBI Special Agent Raymond Carr advised Gallo of his Miranda rights. Gallo waived his rights and agreed to speak to Special Agent Carr. Gallo admitted that he was "AWOL" from the Army. Gallo admitted that he had been trying to buy a gun and that he intended to kill himself. Gallo related that he suffered from depression and that

he had stopped taking his medication. When asked why he had to drive across the country to commit suicide, Gallo indicated that he wanted to see some friends first. Special Agent Carr also inquired about the piece of cardboard with Rainey's address on it found in his vehicle. Gallo advised that he knew Rainey's address in Chester and her mother's address in Maryland "by heart". Special Agent Carr asked Gallo about the October 28, 2012 threat to Rainey. Gallo stated that he knew that it was unlawful to send such a threat and stated that he understood if Rainey took the threat seriously.

## CONCLUSION

Wherefore, I respectfully submit that there is probable cause to believe that Shane Michael Gallo did transmit in interstate commerce, a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875 (c).

_____
Robert C. Lockhart
Special Agent
Federal Bureau of Investigation
Philadelphia Division - Newtown Square Resident Agency

Sworn to and subscribed to me this 14th day of January, 2013.

_____
THE HONORABLE L. FELIPE RESTREPO
United States Magistrate Judge